# Commissioners Court of Calhoun Co. v. City of Anniston.

*Mandamus to Compel Commissioners to Pay City Pro Rata of Road Tax.*

(Decided April 4, 1912.  58 South. 252.)

*Highways; Taxes; Statutes; Validity.*—Considering section 215, Constitution 1901, in connection with Acts 1888-9, p. 866, and Acts 1890-1, p. 564, it is held that the power to appropriate a part of the general county tax to road purposes residing in the Legislature, the Act of 1909, p. 304, is valid so far as it applies to general road taxes collected as a part of the county revenue, it being immaterial whether such taxes were collected under the special acts referred to or under the General Acts of 1903; now constituting section 134, Code 1907.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Petition by the city of Anniston for mandamus di rected to the Commissioners Court of Calhoun County, requiring the said court to pay over to the city its pro rata of the road tax for certain years mentioned in the petition. From a judgment granting the mandamus, respondents appeal. Affirmed.

TATE & WALKER, and H. D. MCCARTY, for appellant. By the very terms of the petition it is shown that the court made the levy under subdivision A, sec. 215, Con-

stitution 1901, and sections 138 and 1335, Code 1907, and if so, this case is governed by the case of *Commissioners Court of Pike County v. City of Troy*, 56 South. 131; *Board of Rev. of Jefferson County v. State, ex rel.*, 54 South. 757. It appears without dispute that at the time of the filing of the petition, all the money collected for the taxes for each of the years except the year 1910, had been expended, and therefore, the court was without authority by mandamus to compel the officers to do an impossible thing.—*Minchener v. Carroll*, 135 Ala. 413; 14 A. & E. Enc. of Law, (1st Ed.) 184. The Legislature could not deny the counties the right to taxes.—*State ex rel. v. Street*, 117 Ala. 209. Where the Constitution dedicates special road taxes to use upon the public road of the county, the Legislature cannot apply them to use upon streets of a city.—Sec. 216, Const. 1901; *State v. So. Ry.*, 115 Ala. 205; *Hare v. Kennedy*, 83 Ala. 611.

C. H. YOUNG, and BLACKWELL & AGEE, for appellee. This case is controlled by the decision of the court in the case of *Board of Revenue v. Birmingham*, 54 South. 757. The court properly ordered the Commissioner's Court to draw its warrant on the county treasurer for the proper amount out of this particular fund.—*Somerville v. Wood*, 115 Ala. 534.

DOWDELL, C. J.—This appeal is taken from the judgment of the city court of Anniston on the petition of appellee, awarding a peremptory writ of mandamus to issue requiring the commissioners' court of Calhoun county to pay over to the city of Anniston a pro rata of the road tax levied and collected by the commissioners' court for certain years mentioned in the petition. Motion was made to strike the petition, and de-

murrer interposed, which motion and demurrer were overruled by the court; and the cause was then heard on the facts and a judgment rendered in favor of the petitioner.

There are three assignments of error, but, as counsel for appellant say in brief, they raise one and the same question, and are argued together; and we will here so treat the case. There is no distinction in principle on the facts between this case and the case of the *Board of Revenue v. Birmingham*, decided at the last term of this court, and to be found reported in 172 Ala. 138, 54 South. 757. It appears from the record in the present case that in the years 1907, 1908, 1909, and 1910, under the provisions of an act of February 28, 1889, and an amendatory act thereof, approved February 11, 1891, to authorize the commisisoners' court of Calhoun county to levy taxes for working the public roads of said county, a special tax of 3/20 of 1 per cent. on the taxable property of the county was levied for the purpose of repairing and building public roads in the county, and that this tax was a part of the ½ of 1 per cent. authorized by section 215 of the Constitution of 1901 for general purposes. The act of February 28, 1889 (Acts 1888-89, p. 866, § 2), authorized the levy of a special tax of 1/10 of 1 per cent. for road purposes, and expressly provided, "which shall be a part of the one-half one per cent. now authorized by the Constitution for county purposes." And the amendatory act of February 11, 1891 (Acts 1890-91, p. 564), which authorized the levy of 3/20 of 1 per cent., provided as follows: "That the said commissioners' court shall levy a special tax not to exceed three-twentieths of one per cent. on the taxable property of the county, which shall be a part of the one-half one per cent. now authorized, to be assessed and collected as other taxes, and when paid into the treas-

ury it shall be kept separate from other taxes and used only for the purposes indicated in this act." The purposes indicated in the act were the working of the public roads of Calhoun county. It was evidently the intention and purpose of the Legislature in the enactment of this law not to exceed, but to keep within, the constitutional limit of ½ of 1 per cent. authorized to be levied by the county for general purposes, and the effect was to appropriate so much of the tax levied and collected within the constitutional limit for the purposes mentioned in the act, and which it was within the power of the Legislature to do. Section 2 of an act approved August 26, 1909 (Acts Sp. Sess. 1909, p. 304), provides as follows: "That courts of county commissioners and boards of revenue, where there is levied a road tax, general or special, or where by the tax levy a portion of the tax is levied for or devoted to the purpose of constructing, repairing or maintaining roads or highways of any description, in the county, shall pay over each year to each municipality therein one-half of the money collected on such road tax on the property located in such municipality." So it would seem to be of no consequence and make no difference whether the levy for roads in Calhoun county be considered as made under the special acts of 1889 and 1891, or under the general act of September 30, 1903 (Code, vol. 1, § 134), as in either case the apportion act of 1909, above mentioned, applies so long as the levy of the commissioners' court does not exceed the constitutional limit of ½ of 1 per cent. which was true of the levy in the case before us.

The evidence in the case sufficiently justified the court below in finding that the tax levied had been collected, and that there was still on hand and unappropriated, and under the control of the commissioners' court, and

subject to the claim of the city of Anniston, the amounts specified in the judgment of the court in awarding the peremptory writ.   We are of the opinion that on the undisputed evidence this case clearly falls within the influence of the case of *Board of Revenue v. Birmingham, supra.*   There is nothing offensive to the Constitution in the act authorizing the levy of the tax, since the same is within the constitutional limit of $\frac{1}{2}$ of 1 per cent. authorized to the county.

We find no error in the judgment of the trial court, and the same is affirmed.

Affirmed.

SIMPSON, ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.   MCCLELLAN and MAYFIELD, JJ., not sitting.


