# State, *ex rel.* City of Tuskegee *v.* Macon County.

## *Mandamus.*

(Decided December 17, 1914. 67 South. 394.)

1. *Highways; Special Road and Bridge Tax; Statutes.*—The provisions of section 2, Acts 1909, p. 303, insofar as it relates to special road and bridge taxes levied under subdivision A, section 215, Constitution 1901, is in conflict with the last clause thereof, and is void as to such levies.

2. *Same; Taxes; Levy; Road and Bridge Tax.*—Where the commissioners court first levied to the constitutional limit a general tax, and afterwards, and without reference thereto levied a special road and bridge tax under section 215, Constitution 1901, such special tax could not be construed as a mere amendment of the general levy already made whereby one-half thereof was devoted to roads and bridges,; especially where it appeared that the full levy of each tax had been separately collected and separately kept and applied to its appropriate use.

3. *Officers; Exercise of Powers; Statutes.*—In the exercise of their general powers, whether general or special, public officers need not expressly declare under what provision of law they are proceeding; it is enough if any law, in fact, authorizes their action.

APPEAL from Macon Circuit Court.

Heard before Hon. LUM DUKE.

Mandamus by the City of Tuskegee directed to the Court of County Commissioners of Macon County to require them to pay over to the city a share of certain money derived from taxes levied by Macon county for

road and bridge purposes for the years 1911-13. From an order denying the writ, petitioner appeals. Affirmed.

The answer of respondent to petition and the undisputed evidence shows that the taxes in question were levied as follows: At the June term, 1911, of the commissioners' court of Macon county, shown by the record of said proceedings kept as required by law, the following tax levies were made, and the following order entered: "On motion of M. E. Aiken it was ordered that one-half of 1 per cent. be levied and collected on the value of the taxable property in the county as shown by the book of assessment, and that 50 per cent. be added to all licenses collected for the state, for the use of the county, to be collected at the same time and in the same manner that state taxes and licenses are collected."

After and subsequent to the above order, the following appears of record: "On motion of E. W. Harris, it was ordered that one-fourth of 1 per cent. be levied and collected for road and bridge purposes on the valuation of all taxable property in the county as shown by the book of assessment."

Like levies were made in like manner for the years 1912 and 1913, and for each year under said levies there was actually collected a general tax of one-half of 1 per cent., which was used for general purposes, and, in addition thereto, a tax of one-fourth of 1 per cent., which was used for general purposes, and, in addition thereto, a tax of one-fourth of 1 per cent., which was set apart and used exclusively for the roads and bridges of the county.

O. S. Lewis, for appellant.

R. H. Powell, for appellee.

[State, ex rel. City of Tuskegee v. Macon County.]

SOMERVILLE, J.—(1) The petitioner's claim is based upon the provisions of section 2 of the act of August 26, 1909 (Sp. Sess. Acts 1909, p. 303). It has been settled by our decisions that, in so far as that act relates to special road and bridge taxes levied under the authority of subdivision "a" of section 215 of the Constitution, it is in conflict with the last clause thereof, and is therefore, as to such special levies, inoperative and void.—*Board of Revenue v. State ex rel. Birmingham,* 172 Ala. 138, 54 South. 757; *Commissioners' Court v. City of Troy,* 173 Ala. 442, 56 South. 131, 274, Ann. Cas. 1914A, 771; *Commissioners' Court v. State ex rel. Tuscaloosa,* 180 Ala. 479, 61 South. 431.

(2) The petitioner in this case insists, however, that the order levying a tax of one-fourth of 1 per cent. on all the taxable property in the county for road and bridge purposes was not a special levy under section 215 of the Constitution, but was a mere amendment of the general levy already made, whereby one-half thereof was devoted to roads and bridges.

We have given due consideration to this theory, but we can discover nothing in either the form or the relation of the two levies which in any way tends to support it. It is, of course, not necessary that in the exercise of public powers, whether general or special, the authorities should expressly declare under what provision of law they are proceeding, but it is enough if any law authorizes their action.

(3) On the face of the records it appears too clear for serious controversy that the commissioners' court levied first a general tax to the constitutional limit, and afterwards, without reference to this general tax, a special road and bridge tax under section 215 of the Constitution. And, if confirmation were needed, the undisputed evidence shows that the full per cent. of each

levy was separately collected, and separately kept and applied to its appropriate uses.

It results that the rulings and judgment of the trial court were free from error, and the judgment will be affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.