(88 South. 16)

**BOARD OF REVENUE OF JEFFERSON COUNTY v. CITY OF BIRMINGHAM. (6 Div. 155.)**

(Supreme Court of Alabama. Jan. 13, 1921. Rehearing Denied Feb. 10, 1921.)

**1. Highways ⬳130—County board of revenue must pay to Birmingham half of road tax collected in city.**

Under Acts 1884–85, p. 709, providing for levy of a special tax of one-tenth of 1 per cent. on the value of all taxable property in Jefferson county as assessed for revenue for the state, to be applied to the working of public roads in the county, and Acts Sp. Sess. 1909, p. 304, providing that courts of county commissioners and boards of revenue, where there is levied a road tax, etc., shall pay over each year to each municipality in the county one-half of the money collected on such road tax on the property located in the municipality, despite section 2 of the act of 1885, and despite Terry's Local Laws, p. 646, § 6, the board of revenue of Jefferson county must pay over to the city of Birmingham one-half of so much of the road tax levied under the act of 1885 as was collected from property located within the city for the year 1919.

**2. Highways ⬳130—Expenditures on certain highways not compliance with statute requiring payment of proportion of road tax funds to city; "disposal."**

Expenditure by board of revenue of Jefferson county of sum largely in excess of entire sum derived from the road tax required by Acts 1884–85, p. 709, on public highways maintained under Act March 17, 1915 (Terry's Local Laws 1915, p. 645), held not, as to the city of Birmingham, a compliance with Acts Sp. Sess. 1909, p. 304, providing that boards of revenue where road taxes are levied shall pay over each year to each municipality one-half of the money collected on the road tax on the property located in the municipality, "disposal," as used by the act of 1915, in speaking of any money subject to disposal for road purposes,

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

designating funds the distribution and application of which was subject to the control of the board of revenue.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Disposal.]

### 3. Mandamus ⬾100 — City cannot compel county to pay city's proportion of road taxes.

Mandamus is not the proper remedy in cases of misappropriation, and the city of Birmingham is not entitled to the writ against the board of revenue of Jefferson county to compel it to issue warrant in favor of the city for its proportion of road taxes due the city under Acts Sp. Sess. 1909, p. 304, where the entire road fund has been expended, and there is no other fund from which it can lawfully be replaced.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

The City of Birmingham filed petition for mandamus to be directed to the Board of Revenue of Jefferson County, seeking to require them to pay to the City its proportionate part of the road tax collected within the corporate limits of the City. From an order granting the writ, respondent appeals. Reversed and remanded.

W. K. Terry, of Birmingham, and J. J. Mayfield, of Montgomery, for appellant.

The board was exercising legislative function, and in the exercise of this function had the same power and authority to amend its former resolution as has the Legislature. 9 Ala. App. 201, 62 South. 466; 65 Ala. 391; 65 Ala. 142; 58 Ala. 546; 190 Ala. 366, 67 South. 311. Unless the statute restricts the power or directs its exercise in a particular way, boards of revenue, to which are delegated said powers, have all the powers of the Legislature, and are beyond judicial control in the exercise of this power. 7 R. C. L. 940 and 942; 39 Ala. 698, 88 Am. Dec. 749; 9 Ala. App. 201, 62 South. 466; High, Ex. Rem. 135 and 150; 34 Ala. 278; 6 Port. 197; sections 2155 and 6765, Code 1907. The time or term for levying taxes making appropriations or providing for roads is directory, and not mandatory. Authorities supra.

Fred G. Moore and London, Yancey & Brower, all of Birmingham, for appellee.

No brief reached the Reporter.

SAYRE, J. In this cause, upon appropriate pleading, the trial court awarded a peremptory writ of mandamus, commanding the board of revenue of Jefferson county to issue a warrant in favor of petitioner, the city of Birmingham, for the sum of $51,069.11, one-half of so much of the road tax levied under the act of February 17, 1885 (Acts 1884–85, p. 709), as was collected from property located within the city for the year 1919. Acts Sp. Sess. 1909, p. 304. The board of revenue has appealed.

The act of 1885, supra, provided for the levy of "a special tax of one-tenth of one per cent. on the value of all taxable property in said county as assessed for revenue for the state, to be applied to the working of public roads in said county." The act of 1909, supra, provided:

"That courts of county commissioners and boards of revenue, where there is levied a road tax, general or special, or where by the tax levy a portion of the tax is levied for or devoted to the purpose of constructing, repairing or maintaining roads or highways of any description, in the county, shall pay over each year to each municipality therein one-half of the money collected on such road tax on the property located in such municipality."

[1] No question is made as to the constitutional validity of the act of 1885. The brief for appellant does seem to deny the constitutionalty of the act of 1909, but this court held in Board of Revenue v. Birmingham, 172 Ala. 138, 153, 54 South. 757, Commissioners' Court v. Anniston, 176 Ala. 605, 58 South. 252, and Commissioners' Court v. Tuscaloosa, 180 Ala. 479, 61 South. 431, that the act of 1909 was within the constitutional competency of the Legislature. The provisions of these acts are expressed in mandatory terms, and, upon their face and without more, would seem to afford ample justification for the judgment now under review. This we say notwithstanding section 2 of the act of 1885, providing:

"That the said [commissioners'] court shall, from time to time, let out to contract the * * * working of such portions of the public roads in said county as they may select: Provided, that in letting said roads to contract they shall begin at the corporate limits of the city of Birmingham, in said county, and go outwardly therefrom, and make successive lettings continually outward from said city"

—and notwithstanding section 6 of the act of February 19, 1887 (Terry's Local Laws, p. 646), providing that, in order to meet the interest upon bonds thereby authorized and required for the purpose of raising funds to enable the commissioners' court to have the public roads of Jefferson county put in good condition, said commissioners should, from time to time, set apart from the tax authorized by the act of 1885 sufficient funds for the purpose, for it seems clear enough that the provisions last referred to deal with the expenditure of funds in the construction and maintenance of county roads—meaning in those acts county roads as contradistinguished from city streets—and were not repealed by the act of 1909, which merely directed a part of the funds into a new channel, leaving those prior acts to operate without impairment otherwise.

---

[2] By the act of March 17, 1915 (Terry's Local Laws, p. 645), it was made the duty of the board of revenue of Jefferson county "to maintain one public highway running in an easterly and westerly direction entirely through and across the county, and also one public highway running in a northerly and southerly direction entirely through and across the county, each of which highways shall pass by the courthouse of such county [meaning, of course, through and across the city of Birmingham], and where such highways pass through any incorporated town or city, shall maintain the same within the corporate limits thereof," and the board of revenue was "authorized and empowered to appropriate any money subject to their disposal for road purposes to the maintenance, repair and upkeep of such public highways throughout their, entire length." Respondent's answer, admitted as to this to be true,. showed that a sum largely in excess of the entire sum derived from the road tax required by the act of 1885, but inclusive of that fund, had been expended, within the corporate limits of the city of Birmingham, on the highways prescribed by the act of 1915, and, in effect, prayed the court to hold that this expenditure constituted a compliance with the act of 1909. We are unable to adopt this view. As our quotation above has shown, the board of revenue was, by the act of 1915, authorized and empowered to appropriate to the maintenance, repair, and upkeep of the two cross-county roads "any money subject to their disposal for road purposes." In determining the meaning of the last-quoted phrase, the prior state of the law affecting the powers of the board in its dealing with road funds realized under the act of 1885 must be considered. As we have seen, the law as it stood contained a mandatory requirement that one-half of the money collected from the road tax on property located within the municipality should be paid to the municipality, and provided that, when paid over, should be used—meaning, of course, by the municipal authorities—exclusively for maintaining the streets in the corporate limits of such municipality, thus leaving the funds so paid over to be distributed and applied to streets within the municipality at the discretion of the municipal authorities. Varied as may be the uses to which the word "disposal" may be turned, our judgment is that in the present instance, in the phrase under consideration, it intended to designate funds the distribution and application of which were subject to the command and control of the board of revenue, funds which the board might use in one place or another at their discretion—by the same token not the fund in question, for its general direction had been commanded by statute, and its more specific distribution and application had been left to municipal authorities. As to it the

board of revenue had no discretion, no command, no control, no right of disposal; it could only pay over to the municipal authorities as prescribed by law. Appellant's last contention, therefore, cannot be sustained.

[3] However, mandamus cannot be awarded in this instance, for the reason that the entire road fund in question has been expended, and there is no other fund from which it can be lawfully replaced. Mandamus is not the proper remedy in cases of misappropriation. Minchener v. Carroll, 135 Ala. 409, 33 South. 168. As to the fund for the year 1919, appellee's remedy, if any there be, must be sought by a different way.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, J., concur.

BROWN, J., concurs in the conclusion.

On Rehearing.

SAYRE, J. Application for rehearing overruled.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.