155 So. 537

### PHILLIPS v. ATKINS et al.
### 6 Div. 592.

Supreme Court of Alabama.
June 4, 1934.

L. D. Gray, of Jasper, for appellant.

W. W. Bankhead and R. A. Cooner, both of Jasper, for appellees.

ANDERSON, Chief Justice.

██ The items for which the bonds were voted are for the erection, construction, or maintenance of the necessary public buildings and roads for which a special tax is provided by paragraph (a) of section 215 of the Constitution of 1901, and which said tax, when so levied and collected, shall be applied "exclusively to the purposes for which the same were so levied and collected." As to this, there is no question, but the insistence is that when this fund, under the special tax, is levied that it cannot be augmented from the general fund arising from a tax of one-half of one per cent. of the value of the tax-able property. In other words, that no part of the general fund can be used to provide or assist in providing for buildings and roads —that the special tax is exclusive. We cannot assent to this contention and, so far as the county does not exceed the debt limit, it can, if there is a sufficiency of the general fund, use it for the purposes for which the special one-fourth of one per cent. tax is authorized and need not resort to the special tax unless it becomes necessary because of the insufficiency of the general fund or the fact that the debts of the county exceed the debt limit. Section 6755, subsec. 22, of the Code of 1923; Acts 1927, p. 392, § 161; Commissioners' Court of Calhoun County v. City of Anniston, 176 Ala. 605, 58 So. 252; Board of Revenue of Jefferson County v. State ex rel. City of Birmingham, 172 Ala. 138, 54 So. 757; State ex rel. City of Mobile v. Board of R. & R. Com'rs Mobile County, 180 Ala. 489, 61 So. 368. We are of the opinion, and so hold, that the demurrer to the bill of complaint proceeding upon the theory that no part of the general fund arising from the one-half of one per cent. tax, as provided by section 215 of the Constitution, can be used for part payment of the bonded indebtedness in question, was properly sustained.

██ The bill of complaint charges and makes a part thereof copies of the resolution and notice for the election showing that the bonds were not to bear a greater rate of interest than 4 per cent. per annum and that the governing board of the county propose to issue the bonds to bear 4 per cent. interest payable semiannually. Section 25 of the act of 1927 (Acts 1927, p. 541), under which the election was ordered and held, provided that the notice shall state the "maximum rate of interest proposed to be paid," but does not state how or when the interest must be paid, nor does the resolution or notice state when or how the interest must be payable. The appellant contends that as the notice and resolution state that the interest shall be 4 per cent. per annum, the proposal of the governing board of the county to make the interest payable semiannually is an unwarranted increase of the rate and invalidates the bonds. This contention finds support in the cited case of Skinner v. City of Santa Rosa, 107 Cal. 465, 40 P. 742, 29 L. R. A. 512. But the weight of authority, and to which we adhere, holds to the contrary; that is, if the law, resolution, or contract does not specifically fix the time and method for paying the interest in one payment at the end of the

year, that the governing board of the county or municipality can make the interest payable in semiannual installments and which will not operate as such an increase of the rate of interest as will affect the validity of the bonds. Simonton on Municipal Bonds, § 101, p. 122; Commissioners of Marion County v. Clark, 94 U. S. 284, 24 L. Ed. 59; Myer v. City of Muscatine, 1 Wall. 391, 17 L. Ed. 564; Wilson v. Neal (C. C.) 23 F. 129; William Monnett v. Stephen B. Sturges, 25 Ohio St. 384; Cook v. Courtright, 40 Ohio St. 248, 48 Am. Rep. 681.

The trial court did not err in sustaining the demurrers to the bill of complaint, and the decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.