# Crowder v. Red Mountain Mining Co.

*Action upon Promissory Notes.*

1. *Pleading and practice; when presumption indulged on appeal to sustain ruling of the trial court.*—Where the record on appeal fails to set out the demurrers to a plea, and there is nothing to show upon what ground the demurrer thereto rested, the appellate court will presume, in order to support the rulings of the trial court in overruling such demurrer, that no sufficient ground of demurrer was presented.

2. *Same; insufficiency of judgment upon demurrer.*—The recital in a judgment entry "Come the parties and the demurrers to pleas * * * are heard and overruled," is nothing more than a mere memorandum of the action of the court, and does not constitute a judgment of the trial court upon the demurrers which authorizes a review of the rulings thereon by the appellate court.

3. *Action upon note; res judicata; estoppel.*—Where an action is brought to recover the accrued interest upon a promissory note, which stipulates for the payment of interest in annual installments, a judgment by default in favor of the plaintiff in such action is not *res judicata* in a subsequent action, brought by the same plaintiff against the defendant to recover the principal due upon said note; and in such subsequent action, the defendant is not estopped from setting up a want of consideration for the note sued on.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action brought by the appellant, J. M. Crowder, against the Red Mountain Mining Company, a corporation, and counted upon several promissory notes executed by the defendant, and which were al-

leged to have been transferred and assigned to and owned by the plaintiff in the present action. The suit was instituted on September 19, 1896. The defendant pleaded the general issue and several special pleas. In the second, third and fourth pleas it set up a want of consideration for the notes sued on, and alleged in detail the facts showing such want of consideration. In the fifth plea the defendant set up want of consideration and fraud on the part of the plaintiff in procuring the execution of the notes sued on. The plaintiff demurred to the third, fourth and fifth pleas, but under the rulings on the present appeal it is unnecessary to set out at length these demurrers. The demurrer to the fifth plea is not shown in the record. The judgment entry upon the demurrers to these pleas is copied in the opinion. To the second, third and fourth pleas the plaintiff filed a special replication, numbered 2, in which he set up that on August 23, 1895, he, as plaintiff, brought a suit against the present defendant for the recovery from it of several annual installments of interest due upon the notes here sued on, and that in said suit after the acceptance of due and legal service by the president of the defendant there was a judgment by default duly, regularly and legally rendered in favor of the plaintiff in said suit against the defendant, upon the cause of action so described in said complaint, which judgment has never been reversed or set aside, but is still in full force and effect; and that by said judgment it was ordered and adjudged that the plaintiff therein who is identically the same person as the plaintiff in the present suit, should recover of the defendant, the Red Mountain Mining Company, the amount due as annual installments upon the notes which are here sued on. It was then averred in said replication that the annual interest so sued for and recovered in said suit and judgment was contracted to be paid in and by the body of the notes sued on in this action, and not by any separate interest coupons, and that, therefore the cause of action in said suit "involved the same issues which were presented by defendants' said pleas numbered 2, 3 and 4, and that the same are *res judicata* of said judg-

ment, and that the said defendant is estopped thereby from pleading the same in this action. To this special replication numbered 2, the defendant demurred upon the following grounds: 1. Said replication fails to show that the issues presented by defendant's said pleas, which are replied to, were ever put in issue in a former suit between the parties; or that such issues were ever adjudicated by a court of competent jurisdiction. 2. Said replication fails to show that the claim or demand sued on in the former action between the parties was or is the same as that set forth in the complaint in this case; and fails to show that the issues involved and determined by the court in the former action were the same as the issues presented by defendant's said pleas. This demurrer was sustained.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the trial court upon the pleadings.

JAMES E. WEBB, for appellant, cited *Edgess v. Sigerson*, 26 Mo. 583; *Liddell v. Chidester*, 84 Ala. 508; *Newton v. Hooks*, 48 N. Y. 676; *McDonald v. Ins. Co.*, 65 Ala. 362; *Cannon v. Brame*, 45 Ala. 262; *Bell v. Merrifield*, 109 N. Y. 645; *Fuller v. Ins. Co.*, 57 Amer. St. Rep. 88; *Everett v. Engraving Co.*, 43 N. Y. Supp. 502; *Blair v. Bartlett*, 75 N. Y. 150; *Morrison v. Clarke*, 56 Amer. St. Rep. 397; *Board of Co. v. Platt*, 79 Fed. Rep. 567.

LANE & WHITE and SMITH & SMITH, *contra*, cited *Cromwell v. Sac. County*, 94 U. S. 351; *Davis v. Brown*, 94 U. S. 423; *Jacobson v. Miller*, 41 Mich. 95; *Foys v. Patch*, 132 Mass. 105.

DOWDELL, J.—The appeal in this case is taken on the record without any bill of exceptions, and the assignments of error relate to the rulings of the court on the demurrers to the third, fourth and fifth pleas and on the demurrer to the second replication. The record fails to set out the demurrer to the fifth plea, and there is nothing to show upon what grounds this demurrer

rested.    For aught that this court can know, this de-
murrer may have been general or frivolous, and in sup-
port of the rulings of the trial court, it will be presumed
that no sufficient ground of demurrer was presented.

Demurrers were filed to the third and four pleas set-
ting up a want of consideration in the notes sued on,
but as the record fails to disclose any judgment by the
court on these demurrers we must decline to notice
them.    The only recital in the record as to any judg-
ment on these demurrers is as follows: "Come the par-
ties and the demurrers to pleas 3, 4, and 5 are heard and
overruled."    This is nothing more than a mere note or
memorandum of the action of the court.    It has been
several times recently decided by this court, that a mere
recital in the record that the demurrer was overruled
does not show that consideration and determination by
the court necessary to constitute a judgment by the
court.—Cartlidge v. Sloan, 124 Ala. 596; McDonald v.
Ala. Midland R'y. Co., 123 Ala. 227, and cases there cited.

On account of the conflict in authorities as to the ex-
tent of conclusiveness of a former judgment between
the same parties in a subsequent suit for a different
cause of action, but involving issues which could have
been properly pleaded and adjudicated in either suit,
the determination of the question raised by plaintiff's
replication, numbered two, has not been free from diffi-
culty.    In this replication, the plaintiff replies as a bar,
or, rather as an estoppel, to the defenses set up in the
third and fourth pleas, the recovery of a judgment by
the plaintiff for accrued interest on the notes here sued
on, and it is averred that it is provided in the body of
said notes that the interest on the same shall become
due and payable in annual installments.    From the
averments contained in the replication, it is manifest
that a judgment in the former suit, pleaded as an estop-
pel, could not have been obtained without offering in
evidence the identical contract here sued upon.    The
evidence necessary to sustain the former action is con-
tained in the same writing as is the evidence necessary
to sustain the present action.    Interest is but incre-
ment of principal, and without principal there can be

no interest. A contract void as to the principal debt would also be void as to any interest accruing on such principal. An adjudication of plaintiff's right of recovery of accrued interest in the former suit pleaded, necessarily involved an adjudication of the validity of the contract out of which the interest arose, as to that particular action. The former judgment here pleaded and relied on as a bar to the present suit, was a judgment by default, and on a cause of action different from the cause of action here sued on, though both arose out of the same contract. While a judgment by default is a judgment on the merits of the cause of action contained in the complaint, yet there is no contest, nor is there any issue litigated. The confession by default does not extend further than to the legality of the demand made by the complaint. In the recent work, Van Fleet's Former Adjudication, Vol. 1, § 219, on page 525, it is said: "A judgment by default only admits, for the purpose of the action, the legality of the claim or demand in suit; it does not make the allegations of the declaration or complaint evidence in an action upon a different claim."

In Freeman on Judgments, § 259, it is said: "The best and most invariable test as to whether a former judgment is a bar, is to inquire whether the same evidence will sustain both the present and the former action. If this identity of evidence be found, it will make no difference that the form of the two actions is not the same. * * * Whatever be the form of action, the issue is deemed the same whenever it is in both actions supported by substantially the same evidence. If it be so supported, a judgment in one action is conclusive upon the same issue in any other suit, though the cause of action be different." Citing among other cases, *Cannon v. Brame,* 45 Ala. 262. In *Strauss v. Meertief,* 64 Ala. 310, it was said by this court in an opinion by BRICKELL, C. J.: "A judgment, as between parties or privies, as a plea or bar, or as matter of evidence, is conclusive, not only of the questions actually litigated, but of all questions within the issues which could have been properly litigated and determined;" citing *Trus-*

*tees, etc. v. Keller*, 1 Ala. 406; *Chamberlain v. Trus-lard*, 26 Ala. 504; *Wittick v. Traum*, 25 Ala. 317; *Hutchinson v. Deering*, 20 Ala. 798.

In *Liddell v. Chidester*, 84 Ala. 508, where the question was whether Chidester was employed by Liddell to perform a year's service for $1,000, to be paid in gross, or in monthly installments, there having been a previous suit by Chidester and a recovery of a judgment against Liddell for a month's installment, the court said: "If, on the other hand, the wages were due and demandable at the end of each month, then the recovery of one installment, unreversed, is a complete answer to and preclusion of defenses to the merits which were or could be pleaded to such second suit;" and it was further said by the court (and it may be remarked here that this was a case where the former judgment was pleaded as a bar), that "the first suit was brought on the theory that the contract was payable in monthly installments, and it was indispensable to plaintiff's right of recovery [that is, in the first action] to show that by the terms of the contract his wages were due in monthly installments, one installment of which had matured. This was essential to the finding of the former verdict. The foregoing facts are placed beyond dispute in the record before us. They estop Liddell from denying that by the terms of his contract with Chidester he was to pay the wages in monthly installments, and that he discharged plaintiff without cause."

An examination of the above cited cases will disclose, either that the second suit was for the same cause of action sued on in the former suit in which the judgment pleaded was rendered, or where the cause of action in the second is different from that sued on in the former, that the issues involved in the second suit, were either actually litigated, or within the litigation, in the former; or in other words, that a contest was had between the parties in the former, and that the questions involved in the second suit were either litigated in such contest, or were within the issues litigated.

In the case of *Liddell v. Chidester, supra*, an examination of the original transcript and record, shows,

that the issues in the second suit were distinctly litigated in the former suit.

The question involved in this case was decided in the case of *Cromwell v. County of Sac.* 94 U. S. 351, and the principle is well stated in the first head note to that case, as follows: "The difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action, is, that in the former case, the judgment if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." See *Cromwell v. County of Sac.,* 94 U. S. 350; *Nesbit v. Riverside Independent Dist.,* 144 U. S. 619; *Davis v. Brann,* 94 U. S. 423; *Jacobson v. Miller,* 41 Mich. 90; Freeman on Judgments, (4th ed.) § 253, p. 453, and § 330, p. 603; 1 Van Fleet's Former Adjudication, § 219, pp. 523-5.

In the case at bar the judgment pleaded as an estoppel was taken by default in a suit on a cause of action different from the one here sued on. The judgment in the former suit being by default, no contest was had, and consequently no issues were litigated. This being true, the judgment pleaded could not operate as a bar or as an estoppel in the second suit. There was no error in sustaining the demurrer to the replication, and the judgment of the court below must be affirmed.

Affirmed.