(85 South. 509)

**IRBY v. COMMERCIAL NAT. BANK OF EUFAULA. (4 Div. 866.)**

(Supreme Court of Alabama. April 22, 1920. Rehearing Denied June 30, 1920.)

**1. Judgment ⟨key⟩713(2)—Concludes as to matter which might have been offered.**

A former judgment is a bar or estoppel against a prosecution on the same claim or demand between the same parties, and concludes them, not only as to what was offered to maintain or defeat the claim or demand, but as to any other admissible matter which might have been offered.

**2. Judgment ⟨key⟩715(1) — Estoppel operates only as to matters in issue.**

Where a subsequent action between the same parties is upon a different claim, the demand in the prior action operates as an estoppel only as to matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.

**3. Judgment ⟨key⟩614(2) — Payment of certain amount adjudged to be due under chattel mortgage held not a bar to subsequent action to foreclose land mortgage.**

Where debt secured by chattel mortgage given to secure present as well as future indebtedness to mortgagee was ascertained and adjudged due to mortgagee in detinue action, mortgagor's payment thereof did not bar mortgagee's subsequent action to foreclose land mortgage, where indebtedness secured by land mortgage was not shown in prior action to be included in the amount adjudged due; the two actions being based on two separate and distinct claims.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Bill of Ray G. Irby against the Commercial National Bank of Eufaula for an accounting and cancellation of a mortgage debt, with cross-bill by respondent seeking to foreclose the said mortgage. From the decree rendered, complainant appeals. Affirmed.

See, also, 203 Ala. 228, 82 South. 478.

Irby filed his bill, alleging usury, in the mortgage, and alleging certain payments thereon, and asking a reference to ascertain the amount due to purge the same of usury, and to permit him to pay off and cancel the mortgage debt, if any remained due, whereupon respondent filed a cross-bill, setting up the state of the account between the complainant and itself, alleging that no usury was charged, and praying for a foreclosure. After demurrer was overruled to the cross-bill, and on the 10th day of November, 1919, Irby filed an amendment to the original bill, setting up that since the last continuance the mortgage herein sought to be foreclosed had been fully paid off and satisfied, and that the respondent is estopped and barred from further maintaining this bill, except as to cost,

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

which Irby offers to pay. The estoppel, etc., is alleged to have arisen, and respondent concluded, by a judgment rendered in a former suit between the same parties, and the amount owing by said Irby to the bank on said mortgage is res adjudicata, for that on October 16, 1916, the bank filed its summons and complaint in detinue against Irby, bonds were made, Irby suggested that the suit was on a mortgage and asked for an ascertainment of the mortgage debt, and evidence was introduced, among other things the note and mortgage sued on; the mortgage containing among other things the following:

"And to secure the above note, as well as all else I now or hereafter may owe to said bank, before full payment hereof, I hereby grant, bargain, sell, and convey to the Commercial National Bank all my live stock and increase, all my gathered crops now in hand, also the following additional personal property."

It is further alleged that the jury ascertained the mortgage debt to be $1,173.66, and that since the rendition of the judgment Irby has paid off and satisfied said judgment. It is then alleged that the proceedings were had in the circuit court of Barbour county, a court of competent jurisdiction having concurrent jurisdiction with the equity court; that the parties are identical and the same, and that the mortgage, and whatever amount was owing thereon, evidenced by the mortgage brought here to be foreclosed, was also covered, included in, and secured by the mortgage made the basis of the detinue suit; and that the said action of detinue and the issues therein made were broad enough to comprehend and did comprehend the issues involved in this suit—that is to say, that in said detinue suit the issues involved in this suit were actually litigated between the parties, or might have been litigated, and ought to have been litigated, in said detinue suit. Demurrers were sustained to this amendment.

Farmer, Merrill & Farmer, of Dothan, A. H. Merrill & Sons, of Eufaula, and J. J. Mayfield, of Montgomery, for appellant.

Briefs of counsel on original submission failed to reach the reporter. On rehearing counsel insist that under the issue tendered, to ascertain the amount of the mortgage debt and under the quoted provision quoted from the chattel mortgage, the total amount of mortgage indebtedness of Irby to the bank was put in issue, and was or ought to have been litigated, and that therefore the court was in error in its application of the law to the facts presented. 1 Jones on Mortgages, §§ 79 and 343; 97 Ala. 615, 12 South. 385; 16 Vt. 300, 42 Am. Dec. 512; 31 Vt. 133; 151 Ala. 426, 44 South. 414; 16 Ala. 17; 24 How. 333, 16 L. Ed. 650; 7 Wall. 82, 19 L. Ed. 42; 71 Ala. 179.

McDowell & McDowell, of Eufaula, and Jones, Thomas & Field, of Montgomery, for appellee.

No brief reached the reporter.

ANDERSON, C. J. [1, 2] It is unquestionably the law that a former judgment is a bar or estoppel against a prosecution upon the same claim or demand between the same parties, and concludes them, not only as to what was offered to maintain or defeat the claim or demand, but as to any other admissible matter which might have been offered. But where the second action between the same parties is upon a different claim, the demand in the prior action operates as an estoppel only as to matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. This distinction was drawn and clearly set forth by the rule declared in the case of Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195, and which has been several times approved and quoted by this court. Crowder v. Mining Co., 127 Ala. 254, 29 South. 847; Commissioners' Court v. Tuscaloosa, 180 Ala. 479, 61 South. 431. See, also, authorities there cited.

[3] Therefore, applying the foregoing rule, the suit in equity upon the $12,500 land mortgage is for a separate and distinct demand from the one involved in the action of detinue, it did not include the debt evinced by the chattel mortgage, nor embrace the personal property conveyed by said chattel mortgage, and was a separate and independent claim or demand upon separate and distinct security. True, the chattel mortgage and note which it secured included, not only the debt for which they were given, but any past or future indebtedness owing from the mortgagor to the mortgagee, and which may include the debt owing upon the land mortgage, but the land mortgage did not include the debt owing upon the chattel mortgage nor embrace the property therein conveyed, and they were separate and distinct claims or demands, notwithstanding the second chattel mortgage may have been treated by the mortgagee bank as an additional security for the indebtedness embraced in the land mortgage, and could have been so claimed in the detinue suit upon the ascertainment of the amount of indebtedness upon the said chattel mortgage, and such ascertainment would, no doubt, have been conclusive as to the amount of both claims or demands. But the mortgagee was not compelled to propound and prove its debt embraced in the land mortgage for the purpose of augmenting the debt embraced in the chattel mortgage, and unless this was done there could be no estoppel against the bank from enforcing or collecting its land mortgage, otherwise than by resorting to the property embraced in the chattel mortgage.

The trial court did not err in sustaining the demurrer to the amended pleading, setting up the judgment in the detinue suit as a bar to the foreclosure of the land mortgage, or as concluding against the debt for which it was given to secure. The decree of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.