(95 South. 28)

## IRBY v. COMMERCIAL NAT. BANK OF EUFAULA. (4 Div. 936.)

(Supreme Court of Alabama. Jan. 4, 1923.)

Usury ⬤⟲12—Mistake in calculation whereby more than lawful rate of interest exacted does not constitute usury.

Mistake or error in calculation whereby more than the lawful rate of interest is taken or exacted does not constitute the transaction usurious; the intent essential to constitute usury not being thereby shown or present.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Bill of Ray G. Irby against the Commercial National Bank of Eufaula. Decree for respondent, and complainant appeals. Affirmed.

A. H. Merrill & Son, of Eufaula, and Farmer, Merrill & Farmer, of Dothan, for appellant.

It is wholly immaterial whether or not the pleadings or evidence show that the land mortgage debt was offered in evidence in the detinue suit. It was a matter in issue. The question of res judicata or estoppel does not depend upon the evidence in the case, but upon the issues involved. The issue was the amount of the mortgage debt. The jury ascertained the amount of the mortgage debt, and the judgment adjudicated the amount of the mortgage debt. This necessarily adjudicated all debts of every kind forming a part of the chattel mortgage debt. 25 Cyc. 1059; 172 Ill. 615, 50 N. E. 145; 151 Ala. 426, 44 South. 414; 200 Ala. 85, 75 South. 461; 24 Am. & Eng. Ency. Law (2d Ed.) 780; 2 Black on Judg. § 734.

McDowell & McDowell, of Eufaula, and Jones & Thomas, of Montgomery, for appellee.

The amended pleading is defective in failing to show that in the detinue suit appellee introduced in evidence the notes here involved, or sought to have the jury ascertain them to be a part of the mortgage debt there involved. 204 Ala. 420, 85 South. 509; 24 Am. & Eng. Ency. Law (2d Ed.) 784; 127 Ala. 260, 29 South. 847; 180 Ala. 479, 61

South. 431; 129 Ala. 380, 30 South. 598; 193 Ala. 369, 69 South. 477; 94 U. S. 423, 24 L. Ed. 204; 151 Ala. 517, 44 South. 108; 171 Ala. 106, 54 South. 618, Ann. Cas. 1913A, 1107. To constitute usury there must be an intent to take more than lawful interest; if more be reserved by mistake, it is not usury. 15 Ala. 51.

McCLELLAN, J. This is the third appeal in the course of this cause, Irby v. Commercial National Bank, 203 Ala. 228, 82 South. 478; Id., 204 Ala. 420, 85 South. 509. The subject of review on the first appeal, being eliminated, is not now involved. The reports of the previous appeals sufficiently state the case, particularly the report of the last appeal (204 Ala. 420, 85 South. 509), where one of the only two questions presented for review at this time was considered. In the brief for appellant it is stated that but two questions are involved in the present appeal, viz.: (a) Whether an estoppel through res adjudicata was created by the judgment in the detinue case, between these parties, therein ascertaining the mortgage debt upon appellant's suggestion under the statute (Code, § 3789 et seq.); and (b) whether the evidence established the appellant's contention that usury affected the transaction in controversy. It is also frankly conceded in brief for appellant that the legal principles descriptive and definitive of an estoppel by judgment declared in the opinion on the last appeal (204 Ala. 420, 85 South. 509) are sound, and their statement therein made is not now contested; the present insistence for the appellant being that the appellant's amendment of his pleading in that respect brought the appellant's pleading within the definition of pertinent legal principles given exposition in the former appeal (204 Ala. 420, 85 South. 509). The trial court, applying its well-conceived view of the effect of the pronouncement on former appeal, eliminated the mentioned amendments. The judgment of this court accords with that thus prevailing in the court below; in consequence of which the trial court eliminated the appellant's amendments.

It was decided on former appeal (204 Ala. 420, 85 South. 509) that, notwithstanding the mortgage (FF) involved in the detinue suit contained a provision making it security for past, present, and future indebtedness by appellant (the provision is quoted in the cited report), it was a distinct claim or demand from the earlier land mortgage (A), whereupon this court announced and applied the discriminative doctrine that, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.

This statement was appropriated in the opinion of the court on prior appeal (204 Ala. 420, 85 South. 509) from the first headnote to Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195. The amendments under present consideration were subject to the objection taken on former appeal. It does not certainly appear from the amendments that in the trial of the detinue suit the different claim or demand represented by the land mortgage indebtedness was an element of the "finding or verdict" rendered in the detinue suit. The court correctly ruled in eliminating the amendments; so upon the apt authority of the pronouncement on former appeal (204 Ala. 420, 85 South. 509).

The second question, viz. whether, as appellant contends, usury affected the transaction, depends upon the evidence. It has been carefully considered. The evidence justified the conclusion of the trial court that the taking or exaction of usury was not shown. Mistake or error in calculation, whereby more than the lawful rate of interest is taken or exacted, does not constitute the transaction usurious; the intent essential to constitute usury not being thereby shown or present. Branch Bank v. Strother, 15 Ala. 51, 59, 60.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.