(119 So. 229)

**REID v. SINGER SEWING MACH. CO.**
**(6 Div. 185.)**

Supreme Court of Alabama.   Dec. 20, 1928.

Jacobs & Carmack, of Birmingham, for appellant.

Martin, Thompson, Turner & McWhorter, of Birmingham, for appellee.

ANDERSON, C. J. ▇ A judgment in a former action between the same parties is not only conclusive of the questions actually litigated, but which could have been litigated in the former suit. Crowder v. Red Mountain Co., 127 Ala. 254, 29 So. 847; Irby v. Commercial Bank, 204 Ala. 420, 85 So. 509. The best and perhaps most invariable test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the present and the former action. If this identity of evidence is found, it will make no difference if the form of the two actions is not the same. Whatever be the form of the action, the issue is deemed the same whenever it is supported in both actions by substantially the same evidence. If it be so supported, a judgment in one action is conclusive upon the same issue in any suit, though the cause of action is different. Cannon v. Brame, 45 Ala. 262; Crowder v. Red Mountain Co., 127 Ala. 254, 29 So. 847; Freeman, Judgments, § 259.

▇ Applying the foregoing test to the case at bar, while one complaint is trespass to the plaintiff's home and for taking a machine therefrom and certain misconduct as an incident, the other suit, though for a trespass in taking the machine, charges an entry into the plaintiff's home and certain improper conduct in connection with the taking or conversion of the machine. Each charges the same act or transaction, and each involves the same evidence. Indeed, this identical question seems to have been decided by most respectable courts. A trespass upon land and a trespass to personal property and the conversion of same in one continuous transaction gives the plaintiff one right of action only, so that a recovery for the one bars an action for the other. Roberts v. Moss, 127 Ky. 657, 106 S. W. 297, 17 L. R. A. (N. S.) 280; Savage v. French, 13 Ill. App. 17; 1 Van Fleet, Former Adjudications, § 153.

The case of Irby v. Commercial Bank, 204 Ala. 420, 85 So. 509, is in no wise in conflict with the foregoing rule. There there were two separate and distinct mortgages and

500

debts, and we held that an action in detinue for the personal property conveyed by the chattel mortgage was no bar to a suit to collect or enforce the other mortgage. Nor is the case of Ala. Fuel Co. v. Andrews, 212 Ala. 336, 102 So. 799, opposed to the present holding. There the court was merely defining the counts of the complaint, and did not deal with the question as to whether or not the one would be a bar to the other if brought by separate suits.

■ True, these two actions could have been consolidated under section 9497 of the Code of 1923, but we think that the mere failure of the defendant to bring this about could not operate as an estoppel, in law or morals, from pleading the first judgment in bar to the second suit. The statute does not place the duty on the defendant any more than the plaintiff to make the suggestion. It merely says: "The court may order them to be consolidated." Neither was defendant responsible for the action of plaintiff in trying the conversion case first.

The trial court did not err in overruling the demurrer to the defendant's special pleas or in sustaining the demurrer to the plaintiff's replication to said pleas.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and BROWN, JJ., concur.