.153 So. 185

## YOUNG et ux. v. RUTLEDGE.

### 7 Div. 267.

Supreme Court of Alabama.

Nov. 30, 1934.

Rehearing Denied Jan. 3, 1935.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

494

Rutherford Lapsley, of Anniston, for appellants.

Merrill, Jones & Whiteside, of Anniston, for appellee.

ANDERSON, Chief Justice.

Whether counts 2, 3, and 4 were subject·to the defendant's demurrer or not, they are in substance and effect for money had and received with an unnecessary narration of evidential facts, and are practically the same as count 1, to which the demurrer was overruled. In other words, every material or pertinent fact set out in these counts was provable under count 1; hence the plaintiffs sustained no injury by the ruling on the demurrer to these counts 2, 3, and 4.

Defendant's special plea 1, while rather verbose, was not subject to the plaintiffs' demurrer, as it sets up facts refuting a conversion of the $4,000 note as charged in counts 5 and 6 as well as facts showing that defendant was not due the plaintiff for money had and received as charged in count 1.

Plea 3 sets up an estoppel or res judicata that the note was assigned to the defendant as collateral security; that it was for purchase of land due from Smolian to the plaintiffs, which had been indorsed by the plaintiffs to this defendant; that Smolian defaulted and the defendant filed a bill in equity to enforce the vendor's lien, and prayed for a deficiency decree against said Smolian, as well as these plaintiffs, who were made parties to the proceeding, and recovered a decree for the amount of said note less the amount for which the land was·sold.

If, therefore, Rutledge, the defendant here, was not entitled to proceed upon said note or to a decree against Young and wife, then was the time to question his right. Or, if the plaintiffs, Young and wife, indorsed the note without recourse, or were not liable for any reason whatsoever, the fact could and should have then been set up. Irby v. Commercial Nat. Bank of Eufaula, 204 Ala. 420, 85 So. 509. The fact that Smolian was a party in the equity suit with these plaintiffs and the defendant and is not a party to the present cause is no barrier to the estoppel, res judicata, as set up in the present suit.

■ "Where a former judgment on the same cause of action is pleaded in bar, it is no objection to its operation as an estoppel that the former action included some parties who are not joined in the second action, or that additional parties are joined in the second action, provided the judgment was rendered on the merits, and the party against whom the estoppel is set up was actually a party to the former litigation." 34 C. J. § 1166, p. 757, and many cases cited in notes.

■ The plaintiffs' special replications were, of course, no answer to the defendant's plea 3, as all the facts there set out were foreclosed against them by the decree in equity as set up in said plea 3.

■ The plaintiffs' replication 2, as an answer to the other pleas, is, in part, but a general denial. True, it does attempt to set up fraud in the execution of the contract, made an exhibit to the pleas, but, if not otherwise faulty, it fails to establish a legal rescission by the plaintiffs by the failure of averment that the status quo was restored or a valid excuse for not doing so, and was subject to the defendant's demurrer.

■■ Replication 3 is faulty. It attempts to establish a release to the plaintiffs because of the facts, as set out in the plea, and, as to this, is in the nature of a demurrer and not a replication. It also seeks an estoppel by way of a conclusion only, and is subject to ground 7 of the defendant's demurrer.

■ Replication 4 is manifestly bad. The first part of same is but a general traverse and reiteration of the complaint, and seeks an estoppel against the defendant under the facts set out in replications 2 and 3, and, which, as above held, do not set out facts creating an estoppel.

The rulings of the trial court are free from reversible error, and the judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.

## Upon Rehearing.

ANDERSON, Chief Justice.

Counsel for the movant complains that we did not give consideration to certain cases cited in his original brief, especially Stevens v. Hertzler, 114 Ala. 563, 22 So. 121, and Phœnix Chair Co. v. Daniel, 228 Ala. 579, 155 So. 363. These cases were not overlooked in the preparation of the original opinion, as the distinction was so patent that a discussion of same would be superfluous. The principles laid down in these cases in nowise conflict with the present holding. In both of these cases, the first action was at law, and the defendant in each had an equitable defense not available in said action at law.

Here, the first suit referred to in the defendant's special plea 3 was a proceeding in equity to enforce the vendor's lien on the $4,000 Smolian note, wherein these plaintiffs, as indorsers of said note, were made parties, and a deficiency decree was sought and recovered against them, and, if Rutledge had no right to proceed, or if these plaintiffs were not liable on said note, these facts were available in said suit in equity.

■ It is also contended that the case of Irby v. Commercial Nat. Bank of Eufaula, 204 Ala. 420, 85 So. 509, is unlike the case at bar. Of course, that case is not on all fours with the case in hand, and said case was only cited in so far as it repeated the well-settled principle that the first suit was res judicata not only as to issues actually settled in the first suit but which could have been adjudicated.

The rehearing is denied.

THOMAS, BROWN, and KNIGHT, JJ., concur.