191 So. 371

**BARNETT et al. v. PINKSTON et al.**

**4 Div. 69.**

Supreme Court of Alabama.

Oct. 5, 1939.

T. S. Frazer and Cope & Cope, all of Union Springs, and Holley, Milner & Holley, of Wetumpka, for appellants.

Chas. M. Pinkston and Thomas & Thomas, all of Montgomery, and Andrews & Andrews, of Union Springs, for appellees.

terminated upon the birth of said child of Frank C. Pinkston.

On the other hand, if Frank C. Pinkston died leaving no children or its descendants, his brother, Chas. L. Pinkston, took a life estate in Frank's share, the remainder going to his two sons upon his death, and, as said Chas. L. did not die until after the present bill was filed, there was no room for the complainants' contention of title by adverse possession or prescription.

It is true that the will, in dealing with the share of Frank C., mentioned "any children or descendants of children which may be living at the time of his death per stirpes," and while no children or descendants were actually in esse or living at the time of his death, the complainants' evidence shows that a child was born unto his widow in September, 1912, following his death in July, 1912, and that it lived several hours leaving its mother as its sole heir, the mother dying shortly thereafter. The child, having been born alive so shortly after the death of the father, is regarded in law as a living child at the death of the father. Section 6906 of the Code of 1923.

Posthumous children are placed on the same footing with respect to property devised and to property coming by descent as other children of the same parent. This is upon the principle that a child en ventre sa mere shall be considered in esse for most purposes of property. See the well considered case, In re Wells' Will, 129 Misc. 447, 221 N.Y.S. 714. Indeed, the facts as to the birth of the child and the legal effect were not seriously combated by the appellees. They relied upon an estoppel by res adjudicata that the said Frank left no child because the question had been adjudicated in a case in the circuit court in Montgomery County wherein a bill had been filed to sell for partition or reinvestment 80 acres of land, covered by the will, but not the land here involved. The trial court sustained this contention and based the decree upon the idea that the Montgomery case precluded the complainants from showing that Frank left a surviving child and the correctness of this holding seems to have been decisive of the case.

The law seems to be well settled that where the subject matter in one suit is different from that in the second, between the same parties, a judgment in

ANDERSON, Chief Justice.

As we understand, the main question involved in this case was whether or not the son, Frank C. Pinkston, left a child living at the time of his death. If he did, the child took a vested remainder in the estate of his father and, upon its death, the property went to the mother of said child under the statute of descents and distribution, and the brother, Chas. L. Pinkston, and his children acquired no interest as the conditional interest to them

the former based upon default or decree pro confesso does not estop the parties in the second from contesting any issue in the former suit where the subject matters are different in the two suits, in order to constitute res adjudicata, the issues in the second suit must have been contested and actually litigated in the former. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; followed and approved in Crowder v. Red Mountain Mining Co., 127 Ala. 254, 29 So. 847; Irby v. Commercial Nat. Bank, 204 Ala. 420, 85 So. 509. See, also, Van Fleet on Former Adjudication, Pages 519 to 530; 15 R.C.L. Page 973, Sec. 450; Watts v. Watts, 160 Mass. 464, 36 N.E. 479, 23 L.R.A. 187, 39 Am.St.Rep. 509.

Here, the subject matter was not the same and there was no contest as to the relief sought in the Montgomery case as decree pro confesso was rendered against Thos. Barnett, Jr., and his sister, Sallie Gulledge.

The Alabama Cases relied upon by the appellee are not in conflict with the present holding as they deal with cases in which the subject matter involved was the same or when between the same parties and the same subject matter was not involved or the question was actually litigated.

It seems that the appellants sought, in their bill, relief as to the entire interest of Frank Pinkston, overlooking perhaps the fact that the partition between the Senior Barnett and Chas. L. Pinkston was not binding on the remaindermen. At any rate, in brief of appellants' counsel, they renounce any claim for more than an undivided one-half interest in the land as set out and described as "Parcel No. 2," thus, in effect, claiming only partial error as to the decree on cross-bill of the appellees declaring them owners of the entire interest in the land described in plat No. 2. Therefore, the decree of the circuit court is reversed in so far as it dismissed the appellants' bill of complaint and holding that appellees and cross complainants were sole owners of the land as described as Parcel No. 2, and a decree is here rendered to the effect that the appellants are entitled to relief as to an undivided one-half interest in the land as described as Parcel No. 2, and the appellees are the owners of the other half.

Affirmed in part, and in part reversed and rendered.

Costs to be taxed, one-half to the appellants and the other to the appellees, Chas. M. Pinkston and Thomas Barnett Pinkston.

GARDNER, BOULDIN, and FOSTER, JJ., concur.