This is an appeal by the plaintiff from the granting of the defendants' motion to dismiss on the ground of res judicata. We affirm.
On August 4, 1976 Geer Brothers, Inc. filed an action to recover damages sustained on account of losses due to a fire at their warehouse and business premises. Joined as defendants were Timothy P. Crump, Dennis E. Painter, Painter and Crump Insurance, a partnership, Pennsylvania National Mutual Casualty Insurance Company, and several unknown parties. An amended complaint containing five counts was filed subsequently. Counts three, four and five of this amended complaint alleged that the plaintiff, Crump and Painter made a contract whereby those defendants undertook to provide adequate insurance *Page 578 
coverage for the plaintiff's business operations and premises. In substance plaintiff alleged that its business operations included taking custody of items of personal property belonging to others, and that the insurance coverage provided by defendants Painter and Crump under their contract proved to be inadequate when a fire occurred on May 2, 1974 destroying that personal property. Counts three and five proceeded on the theory of breach of contract, while count four alleged negligence in failure to procure adequate insurance. Each count demanded $15,000.00 damages together with interest and costs.
The defendants Crump and Painter moved to dismiss the complaint on several grounds, including the ground of resjudicata. They alleged:
. . . . .
 (8) For that on, to-wit, November 11, 1974, the Plaintiff herein filed suit against these same Defendants, being Civil Action No. 6290 formerly pending in this Court, for the same cause of action or causes of action contained in this suit and on, to-wit, April 4, 1975, a judgment in favor of this same Plaintiff was entered against these same Defendants and the matters complained about in the complaint in this case have already been adjudicated or, if not adjudicated, the matters complained of in this case should have been included in and claimed in said former suit.
In opposition to the defendants' motion to dismiss, the plaintiff filed an affidavit of Aaron Geer, president of the plaintiff:
. . . . .
 3. That during the trial of the prior suit, evidence was brought forth on behalf of Geer Brothers, Inc. tending to show inadequate fire insurance coverage on the building of Geer Brothers which was destroyed by fire and on the inventory contained therein.
 4. Further relating to the evidence brought out at trial of the prior suit, said evidence showed a loss through fire of inventory belonging to or on consignment to Geer Brothers, Inc. I do not recall any testimony concerning items of personal property belonging to others which had been delivered to Geer Brothers, Inc., for repair, service, etc.
 5. A part of the reason for not including any claim for loss occasioned by the destruction of property belonging to others in the prior suit was the fact that shortly after the fire, Mr. Crump and Mr. Raymond G. Ashby asked me to prepare a list of the items owned by other persons that had been destroyed in the fire. I am informed that Mr. Ashby was at that time associated with General Adjustment Bureau, Inc. To the best of my recollection, I was told or given the impression that Mr. Ashby was adjusting this claim for my insurance company, Pennsylvania National.
. . . . .
 7. After Mr. Ashby and myself agreed on the list, he left and I did not hear from him for several weeks. After this lapse of time I contacted Mr. Crump regarding payment of this claim. On several occasions Mr. Crump stated to me that it was his impression that the claim would soon be paid. I have no reason to doubt that Mr. Crump was sincere in these statements. Geer Brothers, Inc., still has its business insurance with Mr. Crump.
 8. At some point Mr. Ashby told Mr. Crump that he needed more information and wanted to revalue some of the items lost. After some time, Mr. Ashby came out to our offices again, at which time we went over the list, adding more detail as regards brand name, year, model number, cost of repairs, etc. A new list was prepared and Mr. Ashby came by and picked up this second list. After this time I continued to contact Mr. Crump concerning payment of the claim and, in response to my inquiries, Mr. Crump indicated that it was his understanding that the claim would be paid. At some point Mr. Crump *Page 579 
told me that Mr. Ashby was waiting for me to furnish him more information. However, Mr. Ashby had not contacted me since the time that the second list had been prepared.
 9. After more conversations with Mr. Crump, I was told that Mr. Ashby wanted to revalue the items again. I made an appointment and met with Mr. Ashby at his office where we accomplished this reevaluation and arrived at a third list.
 10. A few weeks after this third list was prepared, I received a letter from Mr. Ashby, a copy of which is attached hereto and made a part hereof as if set out fully herein, informing me that the insurance company felt that there was no coverage under my policy for this sort of loss. This letter is dated June 3, 1975, which is some months after the trial of the prior suit. The events which I have described above concerning the attempts to adjust this claim occurred both before and after the trial of the prior suit. It was not until some months after the prior suit was tried that I received notification from anyone, including any of the defendants in this action, that coverage for this loss was being denied.
 11. Relating to the goods which were lost in the fire and are the basis for this suit, the business of Geer Brothers, Inc., included a repair business wherein it was customary for us to accept for repair various mechanical devices, etc. Many of the items accepted for repair were parts or components of mobile homes, motor homes, campers and other recreational vehicles. We also accepted for repair other devices including window air conditioners and even portable toilet systems.
 12. This repair business has been a part of our operation for a number of years, and was a part of our operation at the time the insurance policy in question was written.
Following a hearing on the motion to dismiss, the trial court dismissed the action against Crump, Painter and their partnership on the ground of res judicata.
At the outset, the plaintiff argues on this appeal that the trial court had before it only the complaint, the motion to dismiss, the Geer affidavit, and briefs of the parties when the motion to dismiss was ruled upon. The defendant, on the other hand, states that the record in Civil Action No. 6290, which iscontained in the record on this appeal, was before the trial court. The record on this appeal is silent on the question of whether either party introduced that record as part of the pleadings or as evidence for or against that motion. However, any such action would have been superfluous, because when a party refers to another proceeding or judgment of a court in his pleading before that court, as was done here, the court on motion to dismiss may take judicial notice of the entire proceeding, or so much of it as is relevant to the question of law presented. Cogburn v. Callier, 213 Ala. 38, 104 So. 328
(1925). Moreover, the parties on appeal have argued the issue of res judicata, and of necessity have brought into consideration the effect of the former judgment. Therefore, we have before us the principal question: Whether the action of the trial court was proper, and in our response to that issue we shall treat the trial court's ruling as having been one upon a motion for summary judgment, Rule 12 (b)(6), ARCP.
The description of those cases against which the defense ofres judicata is inapplicable has not always been an easy task, but the decisions have laid down helpful guidelines.
In Reid v. Singer Sewing Mach. Co., 218 Ala. 498, 119 So. 229
(1928), the plaintiff's first suit against the same defendant had charged an entry into plaintiff's home and a trespass in taking a sewing machine, the gravamen of the action. After a judgment was rendered in that action, plaintiff brought another action against the same *Page 580 
defendant charging a trespass to the plaintiff's home, the gravamen of the action, and other misconduct involving the taking of the machine. In considering whether the former judgment was a bar to the latter, and after considering earlier authorities, the court recited two common principles:
(1) When the former action was between the same parties, that former judgment is conclusive of questions actually litigated and which could have been litigated.
(2) Even though the forms of the actions, past and present, are different, if substantially the same evidence supports their issues, the judgment in the former action is a bar to the latter.
Using these guides, the court held the plaintiff's action barred because the trespass upon the land and a trespass to personal property in a continuous transaction allowed for one right of action, recovery in one barring an action for the other. Of course, it will be observed readily that the case involved an entry into a private dwelling to seize a sewing machine which the court considered one continuing undertaking, and doubtless it was for that reason that the court concluded that the same evidence would support the two causes of actions; otherwise the result would appear erroneous under the evidentiary principle.
But these principles, it has been held, do not depend upon complete identity of parties. If the former action included some parties not joined in the later action, or even if additional parties are joined in the second action, the former judgment still will operate as a bar to the latter if the party against whom the res judicata is asserted was a party formerly, and the judgment was entered on the merits. Suggs v. Ala. PowerCo., 271 Ala. 168, 123 So.2d 4 (1960); Young v. Rutledge,229 Ala. 492, 158 So. 185 (1935).
Another case in which identity of evidence was found upon the issues in the different cases was Sessions v. Jack Cole Co.,276 Ala. 10, 158 So.2d 652 (1963). There the plaintiff filed two separate actions based upon the same accident. In one he claimed damages for property damage, and for medical expenses and loss of services of his wife and minor child. In the other he claimed damages for the wrongful death of his minor child whose death occurred from the same accident. The defendant sought under Title 7, § 146, Alabama Code to have the plaintiff elect his action, and this Court, considering whether plaintiff was required to make that election, stated that § 146 would be applicable depending upon whether a judgment in one of the actions would be res judicata to the other. In answering that question, this Court, utilizing the evidentiary approach, stated:
. . . [t]he test for determining this question is whether the issues in the two suits are the same and whether the same evidence would support a recovery in both suits. . . . There is no doubt that the issues in the instant action would be identical with the issues in the wrongful death action and would be supported by the same evidence save for proof of each element of damage. This latter circumstance is not grounds for distinguishing the issues of each cause. (Emphasis supplied.)
But what of the rule pertaining to issues not litigated earlier but sought to be litigated in the subsequent action? When are those issues barred by the first judgment, and does it matter that the parties are not the same? These questions were answered in Gulf American Fire and Casualty Co. v. Johnson,282 Ala. 73, 209 So.2d 212 (1968). The plaintiff brought an action against the insurance company upon the common count for money received by the defendant to the use of the plaintiff. The defendant pleaded res judicata. The facts disclosed that the plaintiff had insured his house with the defendant against fire for the sum of $1,200.00. The insurance policy contained a mortgage clause requiring the proceeds *Page 581 
from loss to be paid to the mortgagee, and also provided for no company liability upon the existence of certain conditions. In the event of liability being denied, the policy allowed the company to pay off the mortgage debt and require an assignment of the debt and the mortgage. A fire loss occurred, liability was denied by the defendant company, and the company paid the mortgage debt which was then transferred to the defendant. The company foreclosed the mortgage and bought in the land for an amount which represented the mortgage debt and foreclosure costs. Then the defendant company sold the land for $1,200.00. When the plaintiff filed suit against the defendant on the policy, the defendant pleaded payment to the mortgagee under the policy before the first suit. That suit resulted in a judgment for the defendant.
Citing earlier Alabama decisions, including Reid, supra, and quoting from 50 C.J.S. Judgments § 687, pp. 143-4, and 30A Am.Jur. 375, 376, Judgments, § 327, the court held that the earlier judgment in the action on the policy was a bar to the later action on the common count.
The Court in that case observed that each of the parties was relying upon a distinct rule of res judicata: Defendant — resjudicata is a bar not only to matters actually presented on a right asserted in the earlier case but to matters which might have been asserted. This rule, the Court stated, "applies incases founded on the same cause of action. . . ." Plaintiff —res judicata is a bar only in those cases where the parties are the same, the subject matter is the same, the identical point is in issue, and judgment has been rendered in the first suit on that point. The Court pointed out that this rule "applies incases founded on different causes of action." (Emphasissupplied.)
In this case as in Gulf American, the question is whether the present and former cases are founded upon the same cause of action.
What is a cause of action? Commenting on that very point inSession, supra, this Court quoted from Chappell v. Boykin,41 Ala. App. 137, 127 So.2d 636 (1960):
 `In a majority of jurisdictions in the United States, the rule is that a single act causing simultaneous injury to the physical person and to property of one individual gives rise to only one cause of action, and not to separate causes based on the one hand on personal injury, and on the other on property damage. The basis of the rule is that a "cause of action" grows out of the wrongful act and not the various forms of damages that may flow from the single wrongful act.'
and then quoted from Birmingham Southern Ry. Co. v. Lintner,141 Ala. 420, 38 So. 363 (1904):
 `It may be stated as a very general if not universal proposition that one who is entitled to sue at all for the consequences of a wrongful act may recover all the damages that such act has proximately inflicted upon him. His cause of action is the one wrongful act of the defendant.'
The first action brought by this plaintiff against Painter and Crump alleged the breach by the defendants of their agreement to procure adequate insurance coverage for plaintiff's warehouse and business premises. That case resulted in a jury verdict for plaintiff in the amount of $54,000.00, and judgment for the plaintiff was entered accordingly. The second action brought by this plaintiff against Painter and Crump (with the insurance company joined) alleged the breach by the partners of their agreement to procure adequate insurance coverage for plaintiff's warehouse and business premises. The only difference in the plaintiff's respective allegations lies in the references to certain personal property which allegedly was not properly covered in the insurance policy procured, and for which no damages were claimed in the first action. Plaintiff maintains that it could *Page 582 
not claim damages for that property until coverage was denied, which took place after the judgment was entered in the first suit. That position is untenable because the plaintiff's cause of action, for whatever damages it might claim, arose out of the one act of the partners in failing to provide adequate coverage upon whatever property plaintiff desired coverage. In the first action, indeed, recovery would depend upon evidence identifying the property which should have been insured, compared with evidence identifying the property actually insured. That is precisely the evidence which would have supported the issues in the second action. The only difference in the two actions would be the damages provable. But as Mr. Justice Simpson stated in Sessions, supra, a difference in the proof of damages is not grounds for distinguishing the issues in each case. There being no genuine issue of material fact presented by the pleadings and proof before the trial court, therefore, his summary ruling in favor of Painter and Crump was correct. Rules 56 (b), 12 (b)(6), A.R.C.P.
Plaintiff's final argument is that the defendants are estopped from asserting the defense of res judicata because Crump, before and after the trial of the former action, indicated that the claim for the custodial personal property would be paid by the insurance company which was "adjusting" the claim. Mr. Geer's affidavit clearly discloses that for "a number of years" the plaintiff had received the various items belonging to others for repair, and this "was a part of our operation at the time the insurance policy in question was written." It is clear, also, that the failure to insure the items in plaintiff's custody was a part of plaintiff's cause of action for breach of Crump and Painter's contract to provide adequate insurance coverage. If any loss occurred from the breach of that contract it was Crump and Painter's breach which caused it, and which was relied upon, not the fact that the insurance company ultimately denied coverage under the policy which Painter and Crump procured in the performance of their contract with plaintiff. In that connection, plaintiff's action for their breach of contract had been filed already and that action was litigating their entire cause of action, that is, all of their loss resulting from the failure to provide adequate coverage. The Geer affidavit referring to occasional statements by Crump concerning his "impression that the claim would be paid," and "his understanding that the claim would be paid," refer to the adjusting efforts of Mr. Ashby who, according to Mr. Geer's impression, was adjusting the claim for his insurance company, Pennsylvania National. But Geer's affidavit itself states that this adjusting was only "[A] part of the reason for not including any claim for loss occasioned by the destruction of property belonging to others in the prior suit. . . ."
The elements of an estoppel are:
. . . `(1) A position of authority assumed by defendant . . . under the color or right; (2) submission to and reliance upon that assumption, by plaintiff . . . and (3) injury suffered by plaintiff as a proximate consequence of such submission and reliance.' Mooradian v. Canal Insurance Company, 272 Ala. 373, 130 So.2d 915 (1961), quoting from Belt Auto Indemnity Ass'n v. Ensley Transfer Supply Co., 211 Ala. 84, 99 So. 787, 790 (1924).
In these circumstances no estoppel has been established simply because the Crump statements do not show that Crump had any right to state that payment would be made; moreover, they do not even show that Crump assumed any authority with the insurance company to assure that settlement would be forthcoming. As we have noted, Geer's affidavit discloses that the plaintiff, at most, only partially relied upon Crump's statement relating to settlement. To what degree Geer relied upon the Crump statements is unclear because some of these conversations occurred "shortly after the fire" and, inferentially, before the first action was filed. And finally, the loss sustained by plaintiff was not proximately caused by any reliance on Crump's statements, but *Page 583 
was caused by the same cause alleged in plaintiff's first complaint, i.e., the failure to provide adequate insurance coverage.
Besides, estoppel can operate only when the subject-matter is contained in the terms of the contract. Cf. Home Ins. Co. ofNew York v. Campbell Motor Co., 227 Ala. 499, 150 So. 486
(1933). The scope and extent of the contract between the parties covering the property to be insured has been the subject of two lawsuits. Its terms are still in dispute. Estoppel could not operate against terms which may not have been included in the contract.
Because we have found that the action of the trial court granting the defendants' motion was correct, the decision must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER and SHORES, JJ., concur.