BEATTY, Justice.
This is an appeal by plaintiffs, Steapleton and Killian, from a summary judgment in favor of the defendant, Jones. We affirm.
The instant action grew out of previous litigation between these parties. On February 17, 1976 Paul Jones and Leona Jones filed an action against Ida Killian and Bobby Steapleton, demanding damages for rent due under a lease of real estate, and additional damages because of extensively detailed injuries done to a house thereon when the defendants moved. To this complaint the defendants filed, on February 26, 1976, a motion to dismiss for failure to state a claim on which relief could be granted. Later, on May 23, 1976, the defendants filed an answer claiming, inter alia, accord and satisfaction. They also counterclaimed for damages on account of the breach of an agreement between them made at the time when Paul Jones purchased this real property, Ida Killian’s home place, to the effect that Ida Killian would be allowed to live on the property rent free for her life. The defendants alleged a breach of this agreement because of the demand for rent and the eviction of Ida Killian from the premises. The defendants added:
The plaintiff, Paul Jones, also subsequently sought a warrant and indictment against said defendants alleging the destruction of property of another, all to the embarrassment, inconvenience, expense and mental anguish of the defendants.
*1349 The indictments referred to in the defendants’ counterclaim had been returned during the Second Spring Term, 1976 of the grand jury of Etowah County (after the plaintiff’s complaint had been filed) and were filed on March 19,1976. These indictments charged each of the defendants with the offense of willfully or wantonly injuring or destroying the property of another, i. e., a house and curtilage belonging to Paul Jones, the same property involved in the civil action.
The plaintiff’s answer to the defendants’ counterclaim denied the existence of the alleged contract and disputed Ida Killian’s right to remain in the home, contending that her right to remain therein was fixed by a lease under which her right of occupancy was terminated.
According to the record, the prosecution against the defendant Ida Killian was dismissed on June 13, 1978 on the recommendation of the prosecuting witness, Jones. The indictment against the defendant Stea-pleton was tried to a jury, resulting in a verdict of not guilty on June 22, 1978.
Thereafter, on January 26, 1979, by virtue of an agreement between the plaintiffs, the Joneses, and the defendants, Killian and Steapleton, the circuit court entered an order dismissing the complaint and the counterclaim, each with prejudice.
This action for malicious prosecution was filed by Killian and Steapleton against Paul Jones on April 30, 1979, alleging that Jones caused “legal process to issue charging Plaintiffs with Destruction of Property of Another and/or did maliciously and without probable cause, cause such prosecutions of Plaintiffs to continue ...” also alleging the termination of those prosecutions. Jones moved for summary judgment, and later filed an answer and counterclaim. The significant averments of his answer are:
This is [sic] cause of action is barred under the doctrine of Res Judicata. The Plaintiffs herein did previously file a counterclaim against this Defendant in an action styled Paul Jones and Leona Jones, Plaintiffs, vs. Ida Killian and Bobby Steapleton, Defendants, in the Circuit Court of Etowah County, Alabama, C. A., # 76-206, seeking damages among other things for embarrassment, inconvenience, expense and maental [sic] anguish of Ida Killian and Bobby Steapleton as a result of Paul Jones allegedly seeking a warrant and indictment against Bobby Steapleton and Ida Killian for the injury and destruction of property of Paul Jones. That the alleged warrant, indictment and prosecution for destruction of property of Paul Jones alleged in Case No. 76-206, and the malicious prosecution alleged in this claim for the destruction of property of another, both grow out of indictments found against Bobby Steapleton and Ida Killian by the Grand Jury of Etowah County, Alabama, Second Spring Term, 1976. That on June 13,1978, the prosecution of Ida Killian was dismissed and on June 22, 1978, the prosecution of Bobby Steapleton ended in a verdict of not guilty; that before the dismissal and following the dismissal of the above criminal charges the counter claim for malicious prosecution against Paul Jones based upon the indictments was pending in Civil Action # 76-206; that on January 26, 1979, and prior to the bringing of this action and claim, Paul Jones and Leona Jones dismissed their complaint in Civil Action # 76-206 against Ida Killian and Bobby Steapleton with prejudice and at the same time, Ida Killian and Bobby Steapleton dismissed their counter claim against Paul Jones and Leona Jones with prejudice. That the Plaintiffs herein have heretofore instituted action [against] the Defendant herein for the alleged malicious prosecution growing out of the indictments charging the Plaintiffs with malicious destruction of property of Paul Jones; that said previous claim was dismissed with prejudice which was a pri- or final adjudiciation [sic] of the same issue. Plaintiffs herein are precluded by such dismissal with prejudice from asserting the claim again in this action.
The plaintiffs moved for summary judgment on the defendant’s counterclaim for damages due to the alleged destruction of *1350 the defendant’s premises when these plaintiffs vacated them. On July 8, 1980 the circuit court granted summary judgments for the parties on their respective motions. The plaintiffs have appealed from that order.
We are convinced, as the defendant urges, that the plaintiffs’ action for malicious prosecution was barred by res judica-ta.
In Geer Bros., Inc. v. Crump, Ala., 349 So.2d 577, 580 (1977) this Court discussed the various rules of res judicata. Citing Reid v. Singer Sewing Machine Co., 218 Ala. 498, 119 So. 229 (1928), this Court recognized two common res judicata principles:
(1) When the former action was between the same parties, that former judgment is conclusive of questions actually litigated and which could have been litigated.
(2) Even though the forms of the actions, past and present, are different, if substantially the same evidence supports their issues, the judgment in the former action is a bar to the latter.
Those two rules emanated from two actions brought by the same plaintiff against the same defendant. Reid, supra. They were applied in Gulf American Fire and Casualty Co. v. Johnson, 282 Ala. 73, 209 So.2d 212 (1968), which held that in cases founded on the same cause of action, res judicata is a bar not only to matters actually presented on a right asserted in the earlier case but to matter which might have been asserted. Geer Bros., supra, explained “cause of action” by referring to Chappell v. Boykin, 41 Ala.App. 137, 127 So.2d 636 (1960) which recognized that
[a] “cause of action” grows out of the wrongful act, and not the various forms of damages that may flow from the single wrongful act,
and to Birmingham Southern Ry. Co. v. Lintner, 141 Ala. 420, 38 So. 363 (1904):
It may be stated as a very general if not universal proposition that one who is entitled to sue at all for the consequences of a wrongful act may recover all the damages that such act has proximately inflicted upon him. His cause of action is the one wrongful act of the defendant .... [Emphasis added.]
What was the wrongful act for which these plaintiffs sought recovery in their earlier counterclaim? In the words of that counterclaim:
The plaintiff, Paul Jones, also subsequently sought a warrant and indictment against said defendants alleging the destruction of property of another, all to the embarrassment, inconvenience, expense and mental anguish of the defendants.
The question, then, is whether those earlier allegations encompass the later allegations of the present action:
2. Heretofore Defendant did maliciously and without probable cause, cause legal process to issue charging Plaintiffs with Destruction of Property of Another and/or did maliciously and without probable cause, cause such prosecutions of Plaintiffs to continue.
These were followed by additional allegations of the termination of the criminal proceedings.
A comparison of the respective allegations establishes that the two actions refer to the same cause of action, that is, the same wrongful act of the defendant. His one act in seeking the warrant and indictment for the destruction of property of another was the gravamen of each alleged wrong. Indeed, under the rules of notice pleading, Rule 8(a), ARCP, we do not doubt that these plaintiffs could have proceeded under their earlier counterclaim to have proved a case for malicious prosecution. That is to say, although proof of the essential elements of (1) prior judicial proceeding, (2) instigated by the defendant, (3) without probable cause, (4) with malice, and (5) favorable termination for the plaintiff, Brown v. Parnell, Ala., 386 So.2d 1137 (1980); cf., on damages recoverable, Shannon v. Sims, 146 Ala. 673, 40 So. 574 (1906), would be required to fix liability on the defendant, nevertheless the allegations of *1351 the plaintiff were sufficient on which to allow evidence of those allegations to proceed.
It is clear that the termination of the former proceeding in favor of the plaintiff is a prerequisite to a successful malicious prosecution action. Wilson v. Brooks, Ala., 369 So.2d 1121 (1979). The plaintiffs urge that because the counterclaim in the original action was filed before the criminal prosecutions were terminated, the original counterclaim could not have alleged malicious prosecution. This argument, however, overlooks the fact that in this case the criminal prosecution ended prior to the dismissal of the civil suit. Thus although the original counterclaim may have been premature, that will not prohibit the res judi-cata application where the issue matured prior to the termination of the civil suit because in such a case the subject matter was based on the same act and the matter could have been determined in the first suit. Geer Bros., supra; cf. on the pendency issue, Logan v. O’Barr, 271 Ala. 94, 122 So.2d 376 (1960).
Thus it would be reasonable to hold that an action for malicious prosecution has been alleged in each case. However, even if the same action was not alleged, since both accrued from the same cause of action, the same “act” as explained above, res judi-cata is a bar, to the second case because.its subject matter, founded on the same act, is matter which might have been asserted in the first case. Geer Bros., supra.
The action of the trial judge having been correct, his judgment must be, and is, affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.